THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WALTER C. MCDOWELL, | § | NO. SA-15-CV-455-DAE |
| | § | |
| Plaintiff, | § | |
| vs. | § | |
| | § | |
| WILMNGTON SAVINGS FUND | § | |
| SOCIETY, FSB, | § | |
| | § | |
| Defendant. | § | |
| | § | |

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is a Motion for Summary Judgment filed by Defendant Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for the Normandy Mortgageloan Trust, Series 2015-1 ("Wilmington" or "Defendant"). (Dkt. # 20.) On March 16, 2016, the Court heard oral argument on the Motion. Plaintiff Walter C. McDowell appeared pro se; Crystal Roach, Esq., appeared on behalf of Defendant. After reviewing the Motion and supporting and opposing memoranda, and considering the parties' arguments at the hearing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for Summary Judgment. (Dkt. # 20.)

## FACTS

On September 25, 2007, McDowell and his wife Suzanne M. McDowell[1] executed a Deed of Trust granting World Savings Bank, FSB ("World Savings"), and its Successors and Assignees a security interest in the property located at 13134 Queens Forest St., San Antonio, Texas 78230-2006 ("the Property"). (Dkt. # 20-3 at 1–2.) The Deed of Trust secured an Adjustable Rate Mortgage (the "Note") in the amount of $237,600.00 granted by World Savings. (Dkt. # 20-2 at 1–6.) On August 2, 2012, Wells Fargo Bank, N.A., successor by merger to Wachovia Mortgage, FSB (formerly known as World Savings), transferred the Deed of Trust to U.S. Bank National Association as Trustee for Stanwich Loan Trust, Series 2012-9 ("US Bank"); the transfer was effective as of August 21, 2012. (Dkt. # 20-4 at 1.)

On March 24, 2015, US Bank appeared in the 407th Judicial District Court of Bexar County and obtained an "Expedited 736 Home Equity Loan Application" to foreclose on McDowell's property for his failure to make 44 mortgage payments. (Dkt. # 1 ¶ 2; Dkt. # 11, Ex. G.) McDowell was $70,000 delinquent on his mortgage at that time. (Dkt. # 1 ¶ 2; Dkt. # 11, Ex. G.) On May 11, 2015, Plaintiff filed suit against US Bank in the 131st Judicial District Court of Bexar County. (Dkt. # 1, Ex. A at 4–5.) The action invoked the automatic stay

---

[1] Suzanne McDowell is not a party to the instant lawsuit.

2

provision of Texas Rule of Civil Procedure 736.11 and stayed the March 24, 2015 expedited foreclosure proceedings. (Dkt. # 1, Ex. A at 4–5.) On June 1, 2015, US Bank timely removed the case to this Court. (Dkt. # 1.)

On June 24, 2015, US Bank filed an answer, asserting various counterclaims. (Dkt. # 2.) US Bank claimed that Plaintiff breached the terms of his Mortgage Agreement by failing to tender payments in accordance with the Note's payment schedule since March 15, 2011. (Dkt. # 2 ¶ 28.) US Bank stated that McDowell was sent notice and given the opportunity to cure the default on October 1, 2014; the amount required to pay off the debt at that time was $268,197.23. (Id.)

On October 22, 2015, US Bank assigned its interest to Wilmington. (Dkt. # 20-5 at 1.) On November 30, 2015, US Bank filed a Motion for Substitution of Party, substituting Wilmington as the Defendant in the instant lawsuit. (Dkt. # 19.) On December 4, 2015, Wilmington filed the instant Motion for Summary Judgment. (Dkt. # 20.) Plaintiff timely filed a response on December 18, 2015. (Dkt. # 21.)

## LEGAL STANDARD

"Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as

a matter of law." Bridgmon v. Array Sys. Corp., 325 F.3d 572, 576 (5th Cir. 2003); Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  The main purpose of summary judgment is to dispose of factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986).  The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact.  Id. at 323.  If the moving party meets this burden, the non-moving party must come forward with specific facts that establish the existence of a genuine issue for trial.  ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc., 699 F.3d 832, 839 (5th Cir. 2012).  In deciding whether a fact issue exists, the Court "may not make credibility determinations or weigh the evidence."  Tibler v. Dlabal, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012) (quoting Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

ANALYSIS

Broadly construed, McDowell's pleadings before the Court allege that Wilmington and its predecessors failed to prove ownership of the Note, preventing them from foreclosing on the Property and giving McDowell the right to quiet title to his property.[2] (Dkt. # 21 at 2.) Wilmington seeks summary judgment on those claims, as well as its counterclaims. (Dkt. # 20 ¶¶ 10–12; 13–24.) Specifically, Wilmington seeks Declaratory Judgment that McDowell breached his contract for failure to make mortgage payments under the terms of the Note since March 2011, entitling Wilmington to proceed with a foreclosure sale. (Dkt. # 2 ¶¶ 23–30; Dkt. # 20 ¶¶ 13–16, 18–24.) Wilmington further requests this Court to award costs and attorney's fees pursuant to the Mortgage Agreement and Texas Civil Practice and Remedies Code §§ 37.009 and 38.001(8). (Dkt. # 2 ¶ 31; Dkt. # 20 ¶ 17.) Each of these issues is addressed below.

---

[2] Courts must liberally construe the filings of pro se litigants. Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Winland v. Quarternamn, 578 F.3d 314, 316 (5th Cir. 2009) (noting the "well-established precedent requiring that [the court] construe pro se briefs liberally"). Accordingly, courts hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011) (quoting Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002)).

I. <u>Whether Wilmington should be granted Summary Judgment on McDowell's claims</u>

A. <u>Whether Wilmington Validly Owns the Note</u>

Under the Texas Property Code, a mortgage servicer need not prove its ownership of the Deed of Trust or the Promissory Note in order to validly foreclose on a home. <u>Wells v. BAC Home Loans Serv., L.P.</u>, No. W–10–CA–350, 2011 WL 2163987, at *3 (W.D. Tex. Apr. 26, 2011). Further, the law does not require that the rightful holder of a note produce a "wet ink signature" to validly foreclose on a property. <u>Martins v. BAC Home Loans Servicing, L.P.</u>, 722 F.3d 249, 253 (5th Cir. 2013) ("Advocates of [the 'show-me-the-note'] theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure. The courts, however, have roundly rejected this theory and dismissed the claims, because foreclosure statutes simply do not require possession or production of the original note" (quoting <u>Wells</u>, 2011 WL 2163987, at *2).).

Here, it is clear that Wilmington validly holds the title to McDowell's property. McDowell executed a Deed of Trust granting World Savings a security interest in the Property to secure his Mortgage. (Dkt. # 20-3; Dkt. # 20-2.) World Savings became Wachovia Mortgage, FSB; Wachovia Mortgage FSB merged into Wells Fargo Bank, N.A.. (Dkt. # 20-4 at 1.) On August 2, 2012, Wells Fargo Bank, N.A. properly transferred the Deed of Trust to US Bank. (<u>Id.</u>) On October

22, 2015, US Bank assigned its interest to Wilmington.  (Dkt. # 20-5 at 1.)  Each of these transfers was validly recorded with the County Clerk of Bexar County.  (Dkt. ## 20-3, 20-4, 20-5.)

Aside from the cursory allegation that "[t]he Mortgage is invalid and unenforceable in that Defendants failed to provide proof that they are Note Holder of Due Course Pursuant of U.C.C. – ARTICLE 3 – § 3-302," McDowell has not introduced any evidence to suggest that any of these transfers was fraudulent.  (Dkt. # 21 ¶ 4(a).)  Accordingly, there is no genuine issue of material fact before the court, and the summary judgment evidence is clear that Wilmington validly holds the Note.

B. Whether McDowell Has a Valid Quiet Title Claim

"A suit to quiet title is an equitable action in which the plaintiff seeks to remove from his title a cloud created by an allegedly invalid claim."  Svoboda v. Bank of Am., N.A., 964 F. Supp. 2d 659, 672 (W.D. Tex. Aug. 6, 2013).  A plaintiff bringing a quiet title claim must show: "(1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable."  Id. at 673 (quoting U.S. Nat'l Bank Ass'n v. Johnson, No. 01–10–00837–CV, 2011 WL 6938507, at *3 (Tex. App. Dec. 20, 2011)).  "A plaintiff has the burden of supplying the proof necessary to establish superior equity and right to relief."  Ocwen Loan Serv., LLC

7

v. Gonzalez Fin. Holdings, Inc., 77 F. Supp. 3d 584, 588 (S.D. Tex. 2015). Accordingly, a plaintiff seeking quiet title "must recover on the strength of his own title, not the weakness of his adversary's title." Jaimes v. Fed. Nat. Mortg. Ass'n, 930 F. Supp. 2d 692, 698 (W.D. Tex. 2013).

Here, Wilmington has presented evidence – and in fact, McDowell himself has presented evidence – that McDowell has not made a single payment on his mortgage since March, 2011.  (Dkt. # 1 ¶ 2; Dkt. # 2 ¶ 28; Dkt. # 11, Ex. G.) At no point in this lawsuit has McDowell alleged or presented any evidence that he has made any mortgage payments since March 2011.  Accordingly, McDowell has done nothing to demonstrate the strength of his own title, and his claim to quiet title cannot succeed.

C. Conclusion

Here, there is no genuine dispute of material fact that Wilmington validly owns the Note; further, there is no genuine dispute of material fact that McDowell's claim to quiet title must fail.  Accordingly, Wilmington is entitled to summary judgment on these claims.

II. Whether Wilmington is Entitled to Summary Judgment on its Counter-Claims

A. Non-Judicial Foreclosure Sale

A non-judicial foreclosure sale is governed by the Texas Property Code; in order for such a sale to be valid, a mortgage servicer must provide the

mortgagor with "notice of default, with an opportunity to cure, and notice of the actual foreclosure sale" prior to the sale. Svoboda, 964 F. Supp. 2d at 670 (quoting Reardean v. CitiMortgage, Inc., No. A-11-CA-420, 2011 WL 3268307, at *4 (W.D. Tex. July 25, 2011)) (internal cites omitted); see also Tex. Prop. Code § 51.002. "A mortgage servicer is 'the last person to whom the mortgagor has been instructed by the current mortgagee to send payment for the debt secured by a security instrument.'" Wells, 2011 WL 2163987, at *3 (quoting Tex. Prop. Code § 51.001(3)). A mortgage servicer properly provides notice of default and the opportunity to cure by sending the debtor notice of default via certified mail, "and giving the debtor at least 20 days to cure the default." Tex. Prop. Code § 51.002(d).

On February 11, 2014, Carrington Mortgage Services, LLC, acting as the authorized mortgage servicer for US Bank,[3] sent McDowell a notice of default via certified mail. (Dkt. # 24-2 at 1.) The notice gave McDowell thirty days to cure the default by "paying all sums necessary to bring such loan current." (Id.) The summary judgment evidence before the Court indicates that Carrington Mortgage Services, as the proper mortgage servicer, met the requirements of the Texas Property Code in February 11, 2014, which would properly permit a

---

[3] US Bank properly held the Deed of Trust to the Property in February 2014, as explained above.

foreclosure sale to occur.  McDowell has not presented any evidence to the contrary.

McDowell has failed to present any evidence that he has made a mortgage payment after March 2011.  The Court finds that there is no genuine issue of material fact that Wilmington is a mortgage servicer entitled to foreclose upon the Property, that McDowell was properly notified of his default in February 2014, and that McDowell failed to tender payment to cure his default.  This failure gives Wilmington the right to conduct a non-judicial foreclosure sale pursuant to the Texas Property Code.  Tex. Prop. Code § 51.002.  The Court is unpersuaded by McDowell's argument that to grant summary judgment is "to deny the rights of impecunious and favor the abundantly wealthy." (Dkt. # 21 at 2.)  Summary judgment as to this issue is **GRANTED**.

B. Breach of Contract

Wilmington's breach of contract claim does not seek any benefit beyond the right to enforce the Deed of Trust.  The Court has already determined that Wilmington has the right to enforce the Deed of Trust; accordingly, Wilmington's claim for breach of contract is **MOOT**.

C. Attorney's Fees

The Texas Civil Practice and Remedies Code permits a court to "award costs and reasonable and necessary attorney's fees as are equitable and

just" where a party seeks declaratory judgment pursuant to Texas law. Tex. Civ. Prac. & Rem. Code § 37.009. Wilmington has requested costs in connection with the instant lawsuit, but such costs were not submitted to the Court. Accordingly, this Court will not award any costs at this time.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for Summary Judgment. (Dkt. # 20.) The Court (1) **GRANTS** Wilmington's Summary Judgment Motion and declares that Wilmington validly holds the Note to the Property and is entitled to conduct non-judicial foreclosure proceedings pursuant to the Texas property Code; (2) **ORDERS MOOT** Wilmington's counterclaim for breach of contract; and (3) **DENIES** Wilmington's counterclaim for attorney's fees and costs. As there are no claims remaining in this suit, the case is **CLOSED**.

**IT IS SO ORDERED**

**DATED:** San Antonio, Texas, March 16, 2016.

_____
David Alan Ezra
Senior United States Distict Judge